DORIS M. BYERS, PLAINTIFF-RESPONDENT, v. MORRIS WEINSTEIN, BERTHA WEINSTEIN, AND MORRIS WEINSTEIN AND BERTHA WEINSTEIN, CO-PARTNERS, TRADING AS WEINSTEIN, DEFENDANTS-PROSECUTORS.

Argued October 6, 1937—Decided December 9, 1937.

Before Justices LLOYD, CASE and DONGES.

For the plaintiff-respondent, *Ralph N. Kellam.*

For the defendants-prosecutors, *Katzenbach, Gildea & Rudner* (*Louis Rudner*).

The opinion of the court was delivered by

CASE, J.   This is a Supreme Court issue.   It was tried in the Middlesex Circuit before a jury and, as is usual with Supreme Court causes, a Circuit Court judge assigned thereto. Defendants prosecute a rule to show cause why two orders, made by the trial judge, voiding the *postea* and granting a new trial should not be set aside.   The trial was concluded on October 21st, 1936, and on that day the jury returned a general verdict of no cause of action.   On November 9th, 1936, the judge signed a *postea,* upon which judgment for the defendants was forthwith entered.   On the first or second day following the trial plaintiff applied orally for a rule to show cause why the verdict should not be set aside and a new trial granted.   The trial judge stated that he would consider the application as having been made (as in fact it was) within time but that the application and the show cause were unnecessary for the reason that the court had concluded on its own motion to set the verdict aside.   On November 13th, 1936, the judge signed an order setting the verdict aside and granting a new trial.   The filing of the order was not attempted until two days later than the ten-day period allowed by rule 214.   Consequently, the clerk refused to file. Information regarding the signing of the order was given the defendants' attorney contemporaneously with the effort to file.   On April 7th, 1937, the trial judge signed a new order which provided as follows:

"It appearing that an order was entered on November 13th, 1936, in the above entitled cause, ordering that the verdict rendered by the jury in favor of the defendants be set aside and a new trial granted; and it further appearing that said order, through inadvertence, was not entered within ten days from the granting of same, and that said order now remains of no effect; and it further appearing that theretofore a

*postea* was signed and entered in the Supreme Court clerk's office, wherein judgment in the above cause was entered in favor of the defendants; and it clearly appearing that the verdict of the jury was against the weight of the evidence;

"It is, thereupon, on this 7th day of April, 1937, ordered, that the *postea* heretofore entered be rendered null and void and that the verdict rendered by the jury in favor of the defendants be, and the same is set aside and a new trial granted, and that this order be entered *nunc pro tunc* as of the thirteenth day of November, 1936."

On April 16th, 1937, that order was filed and on the strength of and along with it the order of November 13th, 1936, was also filed. Both orders had been granted without prior notice to the defendants and without the presence of, or argument by, their attorney.

Prosecutors' first point is that this court has full authority to vacate and set aside the disputed rules. That we take to be true. It is said by Mr. Justice Dixon in *Key* v. *Paul*, 61 *N. J. L.* 133, that orders made in vacation before a single justice are generally subject to review by the court itself; and if this be true of a justice of the Supreme Court, it is reasonable that it should be true of a Circuit Court judge assigned to the trial of Supreme Court issues.

It is next said that the Circuit Court judge who tried the case had no jurisdiction to make the disputed orders; and with this we agree. It is apparent from the language used in the second order and from the circumstances under which it was granted that it was not an original order. It was clearly given as a restatement of the first order so that the filing thereof might be accomplished and its validity be revived. In that aspect the second was in effect an extension of the time limited by the rules for the filing of the first; a concession which might be had by order of the Supreme Court or of a justice thereof (rule 217) but authority for which seems not to have been lodged, either directly or by implication, with the Circuit Court judges.

We conclude that there is now no valid, subsisting rule for a new trial. The question whether, outside the purview of

rule 121, a Circuit Court judge may, of his own volition and without motion by, or notice to, or appearance by, the several parties, set aside a jury verdict in a Supreme Court issue tried before him, is reserved. We observe, however, that rule 121, in giving a judge at the Circuit power in a special instance forthwith to set aside the verdict and to grant a new trial, appears to face away from the existence of such power otherwise. A like thought is suggested by Supreme Court rule 123, providing that a Circuit Court judge before whom the trial of a Supreme Court issue has been held may hear and dispose of, as well as grant, a rule to show cause why a new trial should not be granted. The power of a Circuit Court judge in Supreme Court actions does not come from the common law.

Plaintiff may, however, proceed forthwith to prosecute before the trial judge, her application for a rule to show cause why a new trial should not be granted, as permitted by rule 123, amended December, 1933, *supra*. She made her application within time and has done nothing which, in our view, vitiates her right to press that request. She did not elect to pursue an elective or alternative remedy. She neither planned nor sought the course which has brought the case to us.

Defendants' rule to show cause is made absolute, with leave to the plaintiff as above stated. Costs will follow the ultimate disposition of the cause.